UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON PERRY, *Plaintiff* | Cause No.: 3:21-cv-203 |
| VS. | JUDGE J.W. DEGRAVELLES |
| KIKO MANAGEMENT GROUP, LLC, (AND ITS INSURERS), JAIRO A. BABILONIA, JR., CRITERION CLAIM SOLUTIONS OF OMAHAL [sic], RICARDO GONGALEZ [sic] ALMOYA, CEILO AZUL, LLC, PROGRESSIVE INSURANCE, AND COUNTY HALL INSURANCE, *Defendants* | MAG. JUDGE WILDER-DOOMES |

**NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Ricardo Gonzalez Almoya (incorrectly named as Ricardo Gongalez Almoya) ("Removing Defendant"), who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, to hereby remove this matter from state court to the docket of this Honorable Court.

**I. BACKGROUND**

Plaintiff Jason Perry filed a lawsuit styled *Jason Perry vs. Kiko Management Group, LLC, et al*, Docket No. C-703441 in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana on or about January 8, 2021.[1] The suit seeks damages for Plaintiff's alleged injuries resulting from an accident occurring on or about January 12, 2020 in East Baton Rouge Parish between Plaintiff and Removing Defendant. Removing Defendant does not admit the underlying facts alleged by Plaintiff and denies liability to Plaintiff.

**II. LEGAL ARGUMENT**

---

[1] *See* Petition, attached as Ex. A.

1

This suit is removable to this Court under and by virtue of the federal statutes and acts of Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, that provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Removing Defendant was served on or about March 18, 2021, therefore less than thirty (30) days prior to this filing and making removal timely under 28 U.S.C. § 1446(b).[2]

A. Diversity of Citizenship

Plaintiff alleges to be a resident and domiciliary of East Baton Rouge Parish, State of Louisiana.[3] Removing Defendant is domiciled in the State of Florida.[4] It is undisputed that complete diversity exists between Removing Defendant and Plaintiff.

A corporation is "deemed to be citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[5] As to the corporate defendants identified in the "Parties In This Law Suit [sic]" section of the Petition, all are alleged to be from states other than Louisiana.[6] Undersigned counsel also represents defendant County Hall Insurance Company, Inc. and can state unequivocally that it does not maintain its principal place of business in Louisiana.[7]

Because Plaintiff is domiciled in the State of Louisiana and all defendants are domiciled, incorporated, and/or maintain their principal place of business in states other than Louisiana, there is complete diversity of citizenship among the parties to this suit; and, as such, this suit is subject to removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

---

[2] *See* Citation, attached as Ex. B.
[3] Ex. A.
[4] *Id. See also* Uniform Traffic Crash Report noting Florida address, attached as Ex. C.
[5] 28 U.S.C. § 1332
[6] Ex. A.
[7] *See* Affidavit of Mike Fanoele, attached as Ex. D.

B. Amount in Controversy

In cases seeking removal on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[8] If the plaintiff's initial pleading does not state the amount in controversy, "the defendants' notice of removal may do so."[9] Pursuant to Louisiana law, Plaintiff's Petition does not state a specific amount in controversy,[10] leaving it open to Defendants to assert. Plaintiff has clearly alleged damages in excess of $75,000.

"A defendant's notice of removal [needs to include] only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount in question is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.[11] However, if proof were to be required, the Fifth Circuit has held that a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[12] If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.[13]

---

[8] 28 U.S.C.A. § 1446(c)(2).
[9] *Dart Cherokee Basin Operating Company, LLC v. Owen*, 574 U.S. 81, 84; 135 S.Ct. 547; 190 L.Ed.2d 495 (2014) (citing 28 U.S.C.A. § 1446(c)(2)(A)).
[10] La. C.C.P. 893(A)(1)
[11] *Owen*, 574 U.S. at 84.
[12] *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002)
[13] *Id.* (Quoting *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

3

Plaintiff has alleged that he "sustained serious injuries which required medical treatment and hospitalization."[14] He further states he was "knocked unconscious [and had] a severe injury diagnosed by emergency room attending physicians and medical staff…."[15] The Petition also notes that Plaintiff has been treated by a neurologist and continued to seek treatment for several months after the accident.[16] Plaintiff alleges "personal and property damage, lost income, and pain and suffering" as a result of the accident.[17] The Petition also seeks damages under a theory of *respondeat superior* for "lost income, pain and suffering, medical [expenses] past and future, and all other monetary deficiencies" allegedly caused by the accident, along with "severe physical and physiological injuries".[18]

The Fifth Circuit has held that allegations of "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages, and earning capacity, and permanent disability and disfigurement" are sufficient to find that the amount in controversy exceeds $75,000.00.[19] The damages sought in Plaintiff's Petition are substantially similar to those in *Gebbia*.

Thus, based on the allegations set forth in Plaintiff's Petition, it is facially apparent and/or proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

### III. REMOVAL PROCEDURE

---

[14] Ex. A at ¶ 4.
[15] *Id.*
[16] *Id.* at ¶ 5.
[17] *Id.* at ¶ 8.
[18] *Id.* at ¶ 10.
[19] *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882 (2000).

Removing Defendant was served on or about March 18, 2021.[20] This Notice of Removal is, therefore, filed within 30 days of the receipt by or service upon Removing Defendant of a copy of the initial pleading setting forth the claim for relief. This removal has also been filed within one (1) year after the commencement of this action. Upon information and belief, no other defendant has been served with the Petition.

Venue is proper within the Middle District of Louisiana because the matter is being removed from the 19th Judicial District Court of East Baton Rouge Parish, State of Louisiana. Pursuant to 28 U.S.C. § 1446, 1447(b) all pleadings in the state court shall be timely submitted.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal. He likewise certifies that to the best of his knowledge, information, and belief formed after reasonably inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, Removing Defendant prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the Fourteenth (14th) Judicial District Court of Calcasieu Parish, State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the Fourteenth (14th) Judicial District Court of Calcasieu Parish, and then proceed with the civil action as if it has been originally commenced in this Court. Removing Defendants request a trial by jury. Removing Defendant asserts that this removal in no way stipulates he is a proper party to this action and retain all defenses available to him.

---

[20] Ex. B.

Respectfully submitted, this the 9th day of April, 2021.

        */s/ Kevin M. Melchi*
        **J. Scott Loeb (#25771)**
        **Kevin M. Melchi (#36908)**
        LOEB LAW FIRM
        1180 West Causeway Approach
        Mandeville, Louisiana 70471
        Tel.: (985) 778-0220
        Fax: (985) 246-5639
        kmelchi@loeb-law.com
        *Attorneys for Defendants Ricardo Gonzalez Almoya*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of April, 2021 a copy of the foregoing pleading has been served on Plaintiff through his attorneys in a manner authorized by FRCP 5(b)(1) and/or via the court's CM/ECF system.

        */s/ Kevin M. Melchi*
        **KEVIN M. MELCHI (36908)**