UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON PERRY** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **21-203-JWD-EWD** |
| **KIKO MANAGEMENT GROUP, LLC, ET AL.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages allegedly sustained by Jason Perry ("Plaintiff") as a result of a motor vehicle collision that occurred on January 12, 2020.[1] Specifically, Plaintiff claims that he "sustained serious injuries…requir[ing] medical treatment and hospitalization" when a vehicle owned by Ceilo Azul, LLC ("Ceilo Azul"), and operated by Ricardo Gonzalez Almoya ("Almoya"), rear-ended Plaintiff's vehicle causing it to be "tossed out of control into a concrete barrier on the interstate."[2] Plaintiff also claims that at the time of the collision: (1) Almoya was employed by Ceilo Azul and/or Kiko Management Group, LLC ("Kiko Management"); and (2) Progressive Insurance ("Progressive") and/or County Hall Insurance Company ("County Hall") provided insurance to Ceilo Azul and/or Kiko Management.[3] On January 8, 2021, Plaintiff filed a Petition for Damages ("Petition") against Almoya, Ceilo Azul, Kiko Management, Progressive, County Hall, Jairo A. Babilonia Jr. ("Babilonia"), and Criterion Claim Solutions of Omaha ("Criterion") (collectively, "Defendants")[4] in the Nineteenth Judicial

---

[1] *See, generally*, R. Doc. 1-1.
[2] *Id*. at introduction and ¶¶ 2-7.
[3] *Id*. at introduction and ¶¶ 8-11.
[4] Although listed in the caption of Plaintiff's Petition, the Petition is devoid of any allegations as to Babilonia and Criterion. *Id*. Likewise, the only place Babilonia and Criterion are mentioned in the Notice of Removal is the Caption. *See* R. Doc. 1.

1

District Court for the Parish of East Baton Rouge, Louisiana.[5] Almoya removed the case to this Court on April 9, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[6]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. As explained below, the Notice of Removal is deficient both as to citizenship allegations and as to amount in controversy.

*Citizenship of the Parties*

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[7] It is not clear that the parties are completely diverse because citizenship has not been adequately alleged as to any party.

Almoya alleges that there is complete diversity because "Plaintiff is domiciled in the State of Louisiana and all defendants are domiciled, incorporated, and/or maintain their principal place of business in states other than Louisiana."[8] In the Notice of Removal, Almoya alleges that "Plaintiff alleges to be a resident and domiciliary of East Baton Rouge Parish, State of Louisiana."[9] However, the Notice of Removal relies solely on the Petition, which simply states that Plaintiff is a "resident of the Parish of East Baton Rouge, State of Louisiana."[10] Likewise, Almoya alleges that he is "domiciled in Florida.[11] But, the Notice of Removal again relies on the Petition, as well

---

[5] *Id*.
[6] R. Doc. 1, at introduction.
[7] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).
[8] R. Doc. 1, p. 2.
[9] *Id*.
[10] R. Doc. 1-2, ¶ 1.
[11] R. Doc. 1, p. 2.

as an Accident Report, both of which suggest, at most, that Almoya resides in Hialeah, Florida.[12]

Additionally, after explaining that corporations are deemed citizens of their state of incorporation and principal place of business for diversity purposes, Almoya simply alleges that "the corporate defendants identified in the 'Parties In This Law Suit [sic]' section of the Petition, all are alleged to be from states other than Louisiana."[13] However, there are no specific, affirmative allegations regarding the citizenship of Ceilo Azul, Kiko Management, Progressive, County Hall, Babilonia, or Criterion in the Notice of Removal.[14] Further, Almoya's use of the phrase "corporate defendants" to collectively refer to these defendants appears to be contradicted by allegations in the Petition, which suggest (1) that only Progressive and County Hall are corporations; (2) that Babilonia is an individual, (3) and that Ceilo Azul and Kiko Management are limited liability companies.[15] Finally, neither the Notice of Removal nor the Petition contain any information about Criterion, nor do they contain any allegations about its citizenship.[16]

To properly plead the citizenship of an individual, such as Plaintiff, Almoya, and Babilonia, Almoya must affirmatively plead that individual's domicile.[17] Neither the Notice of Removal nor the Petition contain sufficient allegations regarding Plaintiff's, Almoya's, or Babilonia's citizenship because they do not affirmatively allege their domiciles, but instead appear to rely solely on residency.

For purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[18] The members of a limited liability company

---

[12] R. Doc. 1-2, at introduction; R. Doc. 1-4, p. 5.
[13] R. Doc. 1, p. 2.
[14] *See, generally*, R. Doc. 1.
[15] *Compare* R. Doc. 1, p. 2 *with* R. Doc. 1-1, at introduction and ¶¶ 8, 11.
[16] *See* R. Doc. 1; R. Doc. 1-1.
[17] *See, e.g., Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (Allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").
[18] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

3

must be specifically identified.[19]  Negative allegations of citizenship, *i.e.*, "none of the members are citizens of Louisiana," are insufficient, as citizenship must be affirmatively alleged.[20] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[21] The same requirement applies to any member of a limited liability company which is also a limited liability company.[22] Neither the Notice of Removal nor Petition contain sufficient allegations regarding the citizenship of Ceilo Azul or Kiko Management because they do not identify, or provide the citizenship of, each of these LLC's respective members as required by 28 U.S.C. § 1332(a) and (c).

---

[19] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted,* No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See*, *Cavender Enterprise Leasing Family, LLC v. First States Investors 4200 LLC*, No. 10-1667, 2011 WL 3664563, at **1 & 3 (W.D. La. July 21, 2011) (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also Gabler v. HA Housing, LP*, No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity."). *See also Advocate Fin., L.L.C. v. Maher,* No. 10-24, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010) (Plaintiff must identify each member of the defendant law firm limited liability company and allege their individual citizenships, *citing Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)).
[20] *Truxillo*, 2016 WL 6987127, at *6 (*citing Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013)). "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged." *Mullins v. Testamerica, Inc*., 300 Fed. Appx. 259, 259 (5th Cir. 2008) (*quoting Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).
[21] *Harvey*, 542 F.3d at 1080.
[22] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

4

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."[23] Neither the Notice of Removal nor the Petition adequately allege the principal place of business of County Hall,[24] nor do they adequately allege the place of incorporation and principal place of business of Progressive.

Finally, Almoya must sufficiently allege Criterion's citizenship in accordance with the requirements of 28 U.S.C. § 1332(a) and (c), as explained above.

<u>Amount in Controversy</u>

It is also not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[25] Plaintiff alleges he "sustained severe physical and physiological injuries," including being "knocked unconscious," requiring "medical treatment continuing through to the time of the instant lawsuit."[26] Plaintiff seeks the following damages: (A) personal and property damage, (B) pain and suffering, (C) lost income and/or lost wages, (D) "medical past and future," (E) "all other monetary deficiencies created for Plaintiff" as a result of the collision, and (F) "attorney fees, court cost, filing fees, and all legal costs associated with the prosecution of the instant law suit for damages."[27] In the Notice of Removal, Almoya asserts that "Plaintiff has clearly alleged damages in excess of $75,000" based on the foregoing injuries and damages allegations.[28] Almoya also relies on *Gebbia v. Wal-Mart Stores, Inc.*[29] to

---

[23] *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In diversity cases involving corporation, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business for each corporation.").
[24] While a Verification attached to the Notice of Removal states that County Hall is "incorporated in the State of North Carolina" and its "*principal address*…is 401 Hawthorne Lane, Suite 110 #226, Charlotte, North Carolina 28204," County Hall's principal place of business is not alleged. R. Doc. 1-5, ¶¶ 1-2 (emphasis added).
[25] *See* 28 U.S.C. § 1332(a).
[26] R. Doc. 1-1, ¶¶ 4, 10.
[27] *Id*. at ¶¶ 10-11, 13.
[28] R. Doc. 1, pp. 3-4
[29] 233 F.3d 880 (5th Cir. 2000).

support his argument that removal is proper because it is "facially apparent" from Plaintiff's Petition that his claims exceed $75,000, exclusive of interest and costs.[30]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations of injuries and demands for general categories of damages (*e.g.*, physical pain and suffering, medical expenses, lost wages, property damage, etc.)[31] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[32]

In this case, the Notice of Removal contains no detailed description of any of the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far, Plaintiff's prognosis and recommended future treatment, the extent of damage to or the value of Plaintiff's vehicle (a "2008 Audi" which is alleged to be "totaled"), or whether Plaintiff is working/can work. There is also no evidence of any settlement demand, no discovery responses, and no other relevant information provided that would have bearing on the amount in controversy.[33]

---

[30] R. Doc. 1, pp. 3-4 (noting that the "damages sought in Plaintiff's Petition are substantially similar to those in *Gebbia*").
[31] R. Doc. 1-3, p. 3, ¶ VII.
[32] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.
[33] While the Uniform Motor Vehicle Traffic Crash Report was submitted with the Notice of Removal, that report also does not provide information sufficient to establish amount in controversy as it simply says that Plaintiff was "evaluated by EMS" at the accident scene but "no injuries were reported." R. Doc. 1-4, p. 4.

Further, Almoya's reliance on *Gebbia* is also insufficient to establish the amount in controversy.[34] Likewise, although not raised by Almoya, Plaintiff's demand for a jury trial in the Petition indicates that Plaintiff seeks at least $50,000 in damages,[35] but such demand is not dispositive of whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[36] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[37]

Accordingly,

**IT IS ORDERED** that **by no later than May 21, 2021**, Almoya shall file Motion for Leave to File Amended Notice of Removal, attaching a proposed, comprehensive Amended Notice of Removal, that contains all his numbered allegations as revised, supplemented, and/or amended,

---

[34] *Gebbia*, cited by Almoya, is distinguishable. In *Gebbia*, the Fifth Circuit found the amount in controversy "facially apparent" where plaintiff claimed damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" resulting from "injuries to her right wrist, left knee, patella and upper and lower back." 233 F.3d at 811, 883. Unlike *Gebbia*, Plaintiff did not allege with any specificity what injuries he sustained, what treatment Plaintiff received for his injuries, the existence of any disability or disfigurement, or whether Plaintiff was working at the time of or missed any work because of the incident. Plaintiff's allegations fall into the category of "usual and customary damages claimed by personal injury plaintiffs" and are insufficient to support a finding that the amount in controversy if facially apparent. *Haydel v. State Farm Mut. Aut. Ins. Co.*, No. 07-939 2008 WL 2781427, at *2-3 (M.D. La. July 11, 2008).
[35] R. Doc. 1-1, ¶ 11. *See also* La. C.C.P. art. 1732 ($50,000 threshold for jury trials).
[36] *Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195, 2015 WL 4772185, at *3 (M.D. La. Aug. 12, 2015) *citing Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement). *See also, Johnson v. Sullivan Transfer Co.*, No. 97-0239, 1997 WL 256639, at *3 (E.D. La. May 14, 1997) ("While it is true there is a jury demand, that no longer provides 'proof' of an amount in controversy sufficient to meet the requirements for diversity jurisdiction in federal court as the amount in controversy must be $25,000 more than the $50,000 required for a jury demand under Louisiana procedural law.").
[37] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

without reference to any other document in the record, and that adequately alleges the citizenship of Ceilo Azul, Kiko Management, Progressive, County Hall, Babilonia, and Criterion, as described in this Notice and Order.

**IT IS FURTHER ORDERED** that **by no later than May 28, 2021**, Almoya shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that **by no later than June 11, 2021**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Almoya established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 14, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**